FILED
SUPERIOR COURT
OF GUAM

2019 JUN 27 PM 4:00

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| STEPHANIE TULLAO MANALAC,<br><br>Plaintiff,<br><br>Vs.<br><br>ALVIN PESTANO MANALAC,<br><br>Defendant. | **Superior Court Case No. <u>DM0546-14</u>**<br><br>**DECISION AND ORDER<br>RE<br>MOTION FOR RELIEF FROM AN<br>ORDER AND REQUEST FOR<br>RECONSIDERATION** |

Following an evidentiary hearing in which the Court heard testimony from Plaintiff Stephanie Manalac and Defendant Alvin Manalac, the Court denied Stephanie's Motion for Modification of Custody. The Court's decision upheld the parties' agreement that in the event Stephanie moves off-island, Alvin will obtain primary physical custody. Dec. and Order re Mot. Modification Custody (Apr. 29, 2019). Stephanie asks the Court to reconsider its ruling, citing firmer plans for her relocation. Stephanie also claims that the Court erred in not hearing from the Manalac children, and in not addressing some of her arguments.

To justify reconsideration, Stephanie must demonstrate the emergence of new material facts, a change of law or fact, or a manifest failure to consider material facts. CVR 7.1(i); GRCP 60(b). The change of law or fact could not have been known to the party moving for reconsideration prior to such decision in the exercise of reasonable diligence. CVR 7.1(i).

Stephanie first argues that the Court erred in not conducting in camera interviews with

ORIGINAL

the minors, who were 9 years old and 5 years old on the day of the hearing.[1] Stephanie submits that her 9-year-old (now 10-year-old) had a right to be heard. The Court has reviewed the recording of the evidentiary hearing and did not find any indication from the parties that they wanted the Court to hear from the children. Because she did not raise this issue prior to the Court's Decision and Order, Stephanie has not furnished a basis for reconsideration.

Even setting aside Stephanie's failure to raise this issue earlier, the Court does not find it appropriate to interview the minors. The Court shall consider and give due weight to a child's custodial preferences if the "child is of sufficient age and capacity to reason, so as to form an intelligent preference." 19 GCA § 8404(a)(3). As indicated, the law does not have a bright line test for the age of a child who is of sufficient age and capacity to reason and form an intelligent preference. Other territorial and state laws, however, consider children at an older age to be competent to make similar choices. For example, Guam law requires a child 12 and over to consent to an adoption. 19 GCA § 4206(c). In California, a court determining custody matters shall consider the wishes of a 14-year-old and children younger than 14 if the child is of sufficient age and capacity to reason and the court deems it appropriate. Cal. Family Code § 3042. Even absent a specific age threshold in the Guam custody statute, a 9-year-old appears to be far younger than what other laws consider as old enough to express a well-formed preference independent of the parents' wishes.

Setting aside the parties' failure to request the Court to interview the children, the Court had no obligation to sua sponte haul the children into court for an interview. Stephanie ignores that forcing young children to make this choice before a judge can be traumatic. In this case, her 9-year-old daughter attends elementary school--indicating that she and her peers are still in their

---

[1] The older child turned 10 years old the following day.

ORIGINAL

young, formative years. Even further, Stephanie's testimony that Alvin punished his 9-year-old daughter for expressing that she wanted to live with her mother (which he disputed) only indicates that she remains at an age too young to form an independent preference.

Stephanie next argues that the Court failed to consider material facts such as Alvin's failure to procure insurance and his alleged assaulted of Stephanie (which Alvin also disputed). However, Stephanie admitted that Alvin is a good father, and the overall testimony was that the children are happy in Alvin's care. Moreover, Stephanie is still proposing for Alvin to have custody on an annually alternating basis, which indicates to the Court that she has no issue with Alvin having precisely equal time, regardless of his ability to pay for insurance or his prior alleged assault.

The Court decided, however, that precisely equal time was not in the children's best interests. The Court arrived at its decision to uphold Stephanie's agreement for Alvin to have primary physical custody during the school year because they are doing well in school here and have an extensive family support network *on island* (including from Stephanie's side). Keeping them in their current situation--rather than having them relocate and change schools every year--while also spending their summers with their mother, appeared to be less detrimental, especially at their young age. While the law prefers equal time, it remains within the Court's discretion to determine the best interests of the children. The Court made no error in finding that the children are served better by staying in one school system.[2]

Additionally, Stephanie points to issues concerning her understanding of her marital settlement agreement which gave Alvin primary physical custody if she moved. None of the

---

[2] The Court also opened the door for Stephanie to demonstrate at a later time, once she is settled, that the chidren will be better served wherever she relocates.

arguments Stephanie presents in her Motion for Relief and for Reconsideration are new. The Court rejected her arguments in its Decision and Order, and she presents nothing new which justifies reconsideration.

Finally, Stephanie points to new circumstances--she now has a 4 bedroom house and her kids will be eligible to attend the DODEA schools. However, Stephanie has not moved the Court to change the custody situation *on island* or to change their school. Her motion to modify custody concerned the custody of the children if she leaves. The Court did not err in leaving in place the current custodial agreed-upon arrangement of alternating weekly custody, for the simple reason that Stephanie did not request that it be changed.

For these reasons, the Court DENIES Stephanie Manalac's Motion for Relief and for Reconsideration.

SO ORDERED this 27th day of June 2019.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the
foregoing thereto was placed in the
Court Box of:

GUMATAOTAO
BERMAN
6/27/19   5P

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Gary Wayne Francis Gumataotao, Esq., for Stephanie Tullao Manalac
Michael J. Berman, Esq., Berman, O'Connor & Mann for Alvin Pestano Manalac

ORIGINAL